# IN THE SUPREME COURT OF THE STATE OF DELAWARE

DOUG RICHARDS,[1]

    Respondent Below,
    Appellant,

v.

DIVISION OF CHILD SUPPORT
ENFORCEMENT / DANIELLE
DAVIS,

    Petitioners Below,
    Appellees.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. 74, 2015

Court Below—Family Court
of the State of Delaware in and
for New Castle County

File No. CN08-02668
Pet. No. 14-25859

Submitted: March 2, 2015
Decided: March 23, 2015

Before **STRINE**, Chief Justice, **VALIHURA** and **VAUGHN**, Justices.

## ORDER

This 23rd day of March 2015, it appears to the Court that:

(1) On February 16, 2015, the appellant, Doug Richards, filed a notice of appeal from an order determining parentage in a Family Court child support case.[2] The order, dated January 13, 2015, was entered by a Family Court Commissioner.

(2) On February 19, 2015, the Senior Court Clerk issued a notice directing Richards to show cause why the appeal should not be dismissed based on

---

[1] By Order dated February 19, 2015, this Court *sua sponte* assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

[2] *See* 13 *Del. C.* § 8-610(a) (providing that a determination of parentage may be made in a proceeding for child support).

this Court's lack of jurisdiction to consider an appeal directly from a Commissioner's order.[3] In his response to the notice filed on March 2, 2015, Richards contends that, under Family Court Civil Rule 53.1(f), a Commissioner's interim order is appealable to this Court. Richards is mistaken. The appellate jurisdiction of this Court over civil proceedings in the Family Court is limited to decisions issued by the judges of the Family Court.[4]

(3) Under 10 *Del. C.* § 915(d) and Family Court Civil Rule 53.1(a), a party's right to appeal from a Commissioner's order is to a judge of the Family Court.[5] Whether interim or final, an order issued by a Commissioner is not a final judgment for purposes of appeal to this Court.[6] This Court lacks jurisdiction to consider Richards' appeal.

NOW, THEREFORE, IT IS ORDERED that, under Supreme Court Rule 29(b), the appeal is DISMISSED.

BY THE COURT:

Justice

---

[3] Del. Supr. Ct. R. 29(b).

[4] *See* 10 *Del. C.* § 1051 ("From any order, ruling, decision or judgment of the [Family] Court in any civil proceeding . . . there shall be the right of appeal as provided by law to the Supreme Court."); *Redden v. McGill*, 549 A.2d 695, 697-98 (Del. 1988).

[5] See 10 *Del. C.* § 915(d)(1), (2) (governing final and interim orders issued by commissioners) (Supp. 2014); Del. Fam. Ct. Civ. R. 53.1(a).

[6] *Redden v. McGill*, 549 A.2d 695, 697-98 (Del. 1988).

2